**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 17, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SHERRY EVANS-CARMICHAEL,
individually, and JEFF
CARMICHAEL, individually and as
guardian and next friend of Tia
Carmichael, a minor,

    Plaintiffs-Appellants,

v.

UNITED STATES OF AMERICA;
FEDERAL EMERGENCY
MANAGEMENT AGENCY,

    Defendants-Appellees.

No. 09-2031
(D.C. No. 1:04-CV-1119-WJ-ACT)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

In November 2006, Sherry Evans-Carmichael and Jeff Carmichael agreed in
open court to a settlement of their claims with the government, but later sought to
back out of the deal. Over the Carmichaels' objections, the district court enforced

---

[*]After examining appellants' brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the settlement agreement and we affirmed that result in *Evans-Carmichael v. United States*, 2007 WL 2827693 (10th Cir. 2007) (unpublished). Since then, the Carmichaels have filed three motions seeking to revisit all this. Because it considered this matter "unequivocally resolved, final and closed," D. Ct. Order of Apr. 8, 2008, at 1, the district court struck the Carmichaels' most recent motion and enjoined them from future *pro se* filings in this case. In doing so, the district court acted within its discretion to "regulate the activities of abusive litigants," *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007). Therefore, we affirm.

\* \* \*

This case arises out of the Cerro Grande Fire in May, 2000. The fire occurred when the National Park Service lost control of a prescribed burn in Bandelier National Monument. As a result of the fire, hundreds of families in nearby Los Alamos lost their homes and suffered various injuries. In response, Congress passed the Cerro Grande Fire Assistance Act (CGFAA), Pub. L. No. 106-246, §§ 101-06, 114 Stat. 583 (2000), to afford victims of the fire with compensation, though subject to certain processes and limits. Pursuant to the Act, Ms. Evans-Carmichael filed a claim seeking $3,449,105 for personal and property injuries, but the Office of Cerro Grande Fire Claims offered her only $13,238.69. Ms. Evans-Carmichael appealed the award through the proper administrative channels and eventually sought review in federal court, at which point Mr. Carmichael joined her as a plaintiff. During the course of their federal litigation,

the Carmichaels and their attorney reached an agreement with the government, which they confirmed in open court, to settle their dispute for $90,000. However, the Carmichaels later refused to sign the settlement agreement. In response, the government filed a motion to enforce the agreement, which the district court granted and this court affirmed.

But that did not end the litigation. Following our decision, the Carmichaels filed a *pro se* motion for reconsideration, which the district court treated as a Rule 60(b) motion and denied. At this point, the court warned the Carmichaels that "[s]ubsequent filings in this action will be stricken by the Court where those pleadings do nothing more than resubmit old arguments in new packaging." D. Ct. Order of Jan. 8, 2008, at 5. Four months later, the Carmichaels filed another *pro se* motion, seeking further review under Rule 60(b). The district court struck this motion and again warned the Carmichaels that "[f]uture pleadings filed in this case by Plaintiffs will be summarily stricken." D. Ct. Order of Apr. 23, 2008, at 2. Nonetheless, the Carmichaels filed another motion with the district court this past January. The district court again struck the motion and enjoined the Carmichaels from filing any further *pro se* motions in this case. The Carmichaels now appeal, seeking review of the district court's most recent order and injunction, along with all of its other rulings in this case.

* * *

-3-

The only issue appropriately before this court is whether the district court properly struck the Carmichaels' most recent *pro se* motion and enjoined them from filing any further *pro se* motions. As to the Carmichaels' request that we review the district court's earlier rulings, the deadlines to appeal those orders have long passed, and we have no jurisdiction to consider them. *See Bowles v. Russell*, 127 S. Ct. 2360, 2366 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement.").

As to the matters properly before us, the district court's decision to strike the Carmichaels' most recent motion and its filing restrictions, we review the district courts' decisions for abuse of discretion, acknowledging that there is "strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989) (per curiam); *see also id.* at 354 (standard of review).

After a careful review of the record, we conclude that the district court did not abuse its discretion. A district court may strike motions and enjoin future filings when "the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented." *Andrews*, 483 F.3d at 1077 (citing *Tripati*, 878 F.2d at 353-54). In this case, the district court has repeatedly noted the

-4-

Carmichaels' lengthy and abusive behavior and twice warned the Carmichaels that it would strike future attempts to re-argue issues decided in their first appeal. These warnings provided adequate notice and an opportunity to object to the court's order. The court also explained to the Carmichaels that they may only make future filings if they obtain a licensed attorney who certifies that the motion is nonfrivolous. Accordingly, the district court satisfied all the requirements of *Tripati* and its progeny and so must be affirmed. The Carmichaels' motion to supplement the record on appeal is denied as moot because the supplemental material would not affect our decision.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge