**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 22, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DAVID E. HENDERSON,

      Plaintiff-Appellant,

v.

BARACK HUSSEIN OBAMA,
Commander in Chief, President of the
United States,

      Defendant-Appellee.

Nos. 10-2056; 10-2118
(D.C. Nos. 2:10-CV-00157-MCA-
LAM; 2:10-CV-00252-MV-CG)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

On February 23, 2010, David E. Henderson sued the President of the

United States alleging, as far as the district court was able to discern from Mr.

Henderson's nearly illegible complaint, "dereliction of . . . duties" under the

Federal Tort Claims Act. In a thorough sixteen-page order, the district court

denied Mr. Henderson's request to proceed *in forma pauperis*, concluding that

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Henderson had failed to demonstrate an inability to pay the filing fees and that his complaint failed to state a claim on which relief could be granted. *See* 28 U.S.C. § 1915(e)(2)(A) & (B). Accordingly, the district court dismissed the case with prejudice. D. Ct. Order of Mar. 9, 2010. The district court also ordered Mr. Henderson to show cause why it should not restrict his ability to file future *pro se* pleadings with the court, *see Evans-Carmichael v. United States*, 343 F. App'x 294, 295-96 (10th Cir. 2009) (unpublished) (citing *Tripati v. Beaman*, 878 F.2d 351, 353-54 (10th Cir. 1989) (per curiam)), and, when Mr. Henderson's response failed to show sufficient cause, the court imposed such restrictions. D. Ct. Order of Mar. 31, 2010. When Mr. Henderson filed a nearly identical complaint on March 19, 2010, the court again denied his motion to proceed *in forma pauperis* and dismissed the second complaint for the same reasons detailed in the March 9 order dismissing the first complaint. D. Ct. Order of May 4, 2010.

Before us, Mr. Henderson seeks to proceed *in forma pauperis* to appeal the dismissals of both complaints and the imposition of sanctions. After a careful review of the record, we conclude that the district court did not abuse its discretion when, after describing Mr. Henderson's long history of abusive litigation and giving him an opportunity to respond, it imposed filing restrictions that include clear guidelines as to how he can obtain permission to file future actions. *See Evans-Carmichael*, 343 F. App'x at 296.

We also conclude, for substantially the same reasons set out by the district court in its March 9, 2010 order, that Mr. Henderson's appeals from his complaints are frivolous. Accordingly, we hereby dismiss his appeals and deny his request to proceed *in forma pauperis* on appeal. *See* 28 U.S.C. § 1915(e)(2)(B)(i) ("[T]he court shall dismiss the case at any time if the court determines . . . the . . . appeal is frivolous or malicious . . . .").

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge