FILED
United States Court of Appeals
Tenth Circuit

April 30, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

SUSAN R. GOKOOL,

     Plaintiff - Appellant,

v.

OKLAHOMA CITY UNIVERSITY;
OKLAHOMA CITY UNIVERSITY
SCHOOL OF LAW,

     Defendants - Appellees.

No. 18-6093
(D.C. No. 5:16-CV-00807-R)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McKAY**, and **O'BRIEN**, Circuit Judges.[**]
_____

Susan Gokool, representing herself pro se, appeals from four orders of the

district court issued in response to motions she filed following this court's decision

affirming the dismissal of her case for failure to state a claim. We now affirm those

orders. Nevertheless, we deny Oklahoma City University's request that we sanction

Ms. Gokool for filing a frivolous appeal.

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

## I.

Ms. Gokool filed suit against the University in June 2016, making several allegations against the University and its law school in connection with her expulsion.[1]  The University removed the case to federal court and subsequently filed a motion to dismiss Ms. Gokool's first amended complaint for failure to state a claim. The district court granted the motion and dismissed Ms. Gokool's case in December 2016, and this court affirmed that ruling on appeal. *See Gokool v. Okla. City Univ.*, 716 F. App'x 815 (10th Cir. 2017).

After the mandate issued in Ms. Gokool's first appeal, she filed a number of motions in the district court between March and May 2018: (1) a motion asking the district court judge to recuse himself on the basis that his 2016 ruling on the motion to dismiss demonstrated partiality toward the University; (2) a motion to vacate the district court's dismissal for fraud on the court; (3) a motion for reconsideration filed once the district court had denied those first two motions; (4) a second motion regarding recusal of the district court judge, this time addressed to the chief judge asking him to direct the recusal; (5) a motion to correct a typographical error in that second recusal motion, filed after the district court had already issued an order in response to it; (6) a motion for relief; and (7) a motion to suspend proceedings in the

---

[1] Although Ms. Gokool named the University and the law school as separate entities, the University has informed the court that the law school is operated by the University and is not its own entity.

district court while Ms. Gokool filed a petition for a writ of certiorari with the U.S. Supreme Court.

The district court denied Ms. Gokool's first two motions because this court had already affirmed the dismissal of her case and she had "provided no basis for the Court's jurisdiction to consider either motion." (Appellant's App. at 369.) The court responded to Ms. Gokool's third and fourth motions by issuing an order for her to withdraw them or to "show cause why her conduct does not violate Federal Rule of Civil Procedure 11(b)." (*Id.* at 387.) The district court subsequently struck these motions, plus the motion to correct a typographical error, upon finding that Ms. Gokool had failed to show that her motions were not frivolous. The court also stated that it would "strike any of Plaintiff's future filings in this case, unless she obtains a licensed attorney who certifies that the motion is non-frivolous." (*Id.* at 413.) The court struck Ms. Gokool's last two motions in accordance with this order. Ms. Gokool appealed.

## II.

Ms. Gokool first contends that the district court erred in denying her motion for the judge to recuse himself and her motion to vacate the dismissal of her case pursuant to Federal Rule of Civil Procedure 60(b)(3) and (d)(3). Although the district court's stated reason for denying the motions was a belief that it lacked jurisdiction to consider them, the Supreme Court has held that district courts may consider Rule 60(b) motions filed even after a ruling has been affirmed on appeal. *See Standard Oil Co. of Cal. v. United States*, 429 U.S. 17, 17–18 (1976).

Nevertheless, having reviewed Ms. Gokool's motions, we find that the arguments they make are substantially the same as arguments she made in her first appeal to this court, only reframed as allegations of fraud on the court and partiality on the part of the district court judge. Under these circumstances, we conclude there is no need to remand these motions for further proceedings in the district court. Accordingly, in the interest of judicial economy and efficiency, we will address the merits of Ms. Gokool's motions.

Rule 60(b)(3) allows a court to relieve a party from a final judgment that resulted from fraud, and Rule 60(d)(3) recognizes the court's power to "set aside a judgment for fraud on the court." Ms. Gokool's motion invoking these provisions raises two arguments that fraud, or fraud on the court, occurred in this case: (1) the University's discussion of *Gonzaga University v. Doe*, 536 U.S. 273 (2002), and (2) the University's description of Ms. Gokool's fraud claim.

Regarding the first point, Ms. Gokool claimed the University had misled the district court and this court by suggesting that the Supreme Court's decision in *Gonzaga* had reversed the Washington Supreme Court's conclusion in the underlying case that the student had presented sufficient evidence of an implied contract, *see Doe v. Gonzaga Univ.*, 24 P.3d 390, 402–03 (Wash. 2001), *reversed on other grounds by Gonzaga*, 536 U.S. at 290–91. Ms. Gokool acknowledges that the University made the distinction between the two *Gonzaga* cases because she had cited to the U.S. Supreme Court's opinion as support for her implied contract claim and the University wished to clarify that "'[t]he U.S. Supreme Court did not take up

4

the issue of implied contracts in the university context as Plaintiff suggests.'" (Appellant's Reply Br. at 4 (quoting Appellant's App. at 175 n.3).) She contends, however, that this sentence should be disregarded and fraud found based on the University's prior statement that the U.S. Supreme Court reversed the Washington Supreme Court, because the University thus engaged in "a well-executed planned scheme to deceive the district court into believing that the highest court decided that there was not an implied contract between the student and the university." (Appellant's Reply Br. at 4–5.)

Ms. Gokool's claim is frivolous for numerous reasons. As an initial matter, Ms. Gokool has now filed several pages of motions and briefs haggling over the meaning of two sentences from a footnote in the University's motion to dismiss. Moreover, she has not demonstrated how any deception resulting from those sentences affected either the district court's dismissal of her case or this court's affirmance of that dismissal. The district court noted that the Washington Supreme Court's decision in *Gonzaga* had been reversed on appeal to the U.S. Supreme Court, but went on to state that, regardless of the reversal, the Washington decision "seem[ed] to only undermine, not bolster, Ms. Gokool's claims." (Appellant's App. at 218.) Contrary to Ms. Gokool's contention that the district court's observation of the reversal indicated that it was deceived, the district court merely pointed out the case's subsequent history before addressing Ms. Gokool's arguments based on it anyway. Simply put, no fraud or fraud on the court occurred because of the *Gonzaga* footnote.

As for Ms. Gokool's second argument, she asserted in her Rule 60 motion that the University had committed fraud on the court by describing her complaint's fraud cause of action as "merely alleg[ing] that holds were placed on [her] student account, and, at most, [University] employees were confused or misinformed about what the holds meant, why they were placed on the account, and how to remove them," (*id.* at 183). Ms. Gokool claims that her fraud allegation was based on the employees' intentional acts rather than any confusion or miscommunication. The University's point with regard to the fraud allegation, however, was that Ms. Gokool had not plausibly alleged that the employees had acted intentionally; rather, the evidence at most showed their confusion or misinformation. To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Moreover, to show fraud, a plaintiff must prove that the defendant *knew* his statements were false or acted with reckless disregard for their truth. *See Bowman v. Presley*, 212 P.3d 1210, 1218 (Okla. 2009). Thus, it was entirely appropriate for the University to contend, both before the district court and on appeal, that Ms. Gokool had not plausibly alleged that its employees knew any information they had given her was false.

Ms. Gokool's motion asking the district court judge to recuse himself put forward essentially the same arguments as her Rule 60 motion, only couched in terms of the district court's acceptance of the University's arguments demonstrating partiality toward the University. Just as the University committed no wrongdoing in its *Gonzaga* and fraud arguments, neither did the district court judge act with

6

partiality toward the University, or the appearance of partiality, by finding merit in those arguments. *Cf. Frates v. Weinshienk*, 882 F.2d 1502, 1504–05 (10th Cir. 1989) (finding no appearance of partiality in bankruptcy judge's approval of Chapter 11 plan and statements regarding the likely cash payout for unsecured creditors). Thus, we affirm the district court's denial of Ms. Gokool's first two motions on the alternative basis that the arguments raised in these motions fail on the merits.

After Ms. Gokool filed a motion for reconsideration and a second motion calling for the district court judge's recusal based on the same partiality and fraud arguments, the district court issued an order directing her either to withdraw the motions or to show cause that she was not in violation of Rule 11(b). Ms. Gokool's response to that order detailed the reasons she believed several documents she filed prior to her first appeal, plus her first two post-appeal motions, did not violate Rule 11(b), before finally addressing the merits of the two motions to which the order pertained. Concerning the relevant motions, Ms. Gokool contended that the district court judge knew he had jurisdiction to consider her Rule 60 motion but did not do so because of his bias toward the University, which also committed wrongdoing as she argued in her Rule 60 motion. Ms. Gokool's response was thus premised on the same partiality and fraud arguments that she had raised in her earlier motions, which we have found to be without merit.

In accordance with its earlier order, after Ms. Gokool had responded, the district court struck her motion for reconsideration, second motion for recusal, and

subsequently filed motion to correct a typographical error.[2] The court observed that after the first appeal Ms. Gokool "ha[d] repeatedly—without reliable evidence or reason—accused Defendants and the Court of committing fraud against her as a means of re-litigating meritless claims." (Appellant's App. at 412.) The court then concluded that Ms. Gokool had failed to show that she was not in violation of Rule 11(b) and stated that it would "strike any of [her] future filings in this case, unless she obtains a licensed attorney who certifies that the motion is non-frivolous." (*Id.* at 412–13 (citing *Evans-Carmichael v. United States*, 343 F. App'x 294, 296 (10th Cir. 2009).)

"[I]njunctions restricting further filings are appropriate where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007). Each of those elements was met here. As we have already observed, Ms. Gokool's first two post-appeal motions only sought to rehash arguments she made in her first appeal. Furthermore, as the district court noted in its order, Ms. Gokool's second two post-appeal motions again sought to rehash these same issues. The district court thus set out Ms. Gokool's history of filing frivolous motions and, having already given her an

---

[2] Ms. Gokool asserts that the district court struck her response to its order to show cause, but the record reveals that is not the case.

opportunity to demonstrate that she was not in violation of Rule 11(b), the court gave her clear guidelines as to how she can obtain permission to file future motions.

Because we affirm the district court's imposition of a filing restriction, we likewise affirm its orders striking Ms. Gokool's motions filed after the restriction was put in place and without the requisite attorney certification.

The University has requested that we "enter an order awarding damages and costs against [Ms.] Gokool for taking this frivolous appeal." (Appellee's Br. at 20.) Under Rule 39(a)(2) of the Federal Rules of Appellate Procedure, costs will generally be taxed against the appellant if a judgment is affirmed. We see no reason to depart from this general rule here, and thus the University may follow the procedures set forth in Rule 39(d) in order to have costs taxed against Ms. Gokool. However, we decline to award other damages against Ms. Gokool at this time. The district court's filing restriction should provide the University with sufficient protection against frivolous motions going forward.

## III.

Therefore, we **AFFIRM** the district court's orders, **HOLD** that costs may be taxed against Ms. Gokool, and **DENY** the University's request for other appellate damages.

Entered for the Court

Monroe G. McKay
Circuit Judge

9

18-6093, *Gokool v Oklahoma City University*
**O'BRIEN**, J., concurring and dissenting.

I join the Order and Judgment in all respects except for the denial of the University's request for costs and damages. Fed. R. App. P. 38 provides such a remedy for frivolous filings (for which this appeal appears to be a poster child and thereby qualifies for at least double costs and probably damages as well). Remedial provisions allowed to wither on the vine do not deter frivolous filers but do deny other parties just remedies.

Rule 38 sanctions require a separately filed motion or notice from the court giving the frivolous filer notice and a reasonable opportunity to respond. Since the University's request comes only from its brief, I would provide the required notice to Gokool and expect her response to be filed within 20 days.