**UNITED STATES COURT OF APPEALS**

**August 10, 2016**

**TENTH CIRCUIT**

MICHAEL A. COLLINS,

      Plaintiff - Appellant,

v.

CFAM FINANCIAL SERVICES,
LLC, a/k/a Consumer Finance Asset
Management, LLC, jointly and
severally liable,

      Defendant - Appellee.

No. 16-1193
(D.C. No. 16-CV-00377-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.[**]

Plaintiff-Appellant Michael A. Collins, appearing pro se, appeals from the

district court's dismissal of his claim, for lack of jurisdiction under the Rooker-

Feldman doctrine. Collins v. CFAM Fin. Servs., No. 16-cv-00377-GPG (D. Colo.

Mar. 18, 2016). The court also denied Mr. Collins' motion to alter or amend the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

judgment.  <u>Collins v. CFAM Fin. Servs.</u>, No. 16-cv-00377-LTB (D. Colo. Apr. 18, 2016).  We affirm for substantially the same reasons as given by the district court.

Mr. Collins filed suit against CFAM Financial Services (CFAM) alleging violations of the Fair Debt Collection Practices Act (FDCPA), the Fair Credit Reporting Act (FCRA), the Colorado Consumer Protection Act (CCPA), and various state laws.  He claimed that adverse information in a credit report was false.  After reviewing the federal complaint, the district court determined that Mr. Collins was actually challenging the disposition in a similar state court case brought by Mr. Collins.  Mr. Collins now claims that an employee of the defendant committed "extrinsic fraud" on the court in a sworn affidavit by stating he was not a "debt collector."

Federal courts, other than the United States Supreme Court, lack jurisdiction to review state court decisions either via direct review or review of cases "inextricably intertwined" with a prior state court judgment.  <u>See</u> <u>D.C. Court of Appeals v. Feldman</u>, 460 U.S. 462, 486 (1983); <u>Rooker v. Fid. Tr. Co.</u>, 263 U.S. 413, 415-16 (1923).  Known as the <u>Rooker-Feldman</u> doctrine, this concept bars parties from "seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgement itself violates the loser's federal rights." <u>Johnson v. De Grandy</u>, 512 U.S. 997, 1005-06 (1994).

As the district court explained, Mr. Collins could only prevail on his claims were we to review and reject the state court findings. This brings his claims within the purview of the Rooker-Feldman doctrine. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291-92 (2005). If Mr. Collins wishes to raise his extrinsic fraud on the court claim, state court would be the place. See Tal v. Hogan, 453 F.3d 1244, 1256 n.11 (10th Cir. 2006) (citing Rooker, 263 U.S. at 415) (stating that errors, including fraud, in state court cases should be reviewed and settled through the state appellate process).

Therefore, we affirm for substantially the same reasons given by the district court and deny IFP status for the purpose of appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

- 3 -