FILED
United States Court of Appeals
Tenth Circuit

April 25, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

REBECCA FARRIS,

      Plaintiff - Appellant,

v.

JACK BURTON; THOMAS CALEB
BOONE,

      Defendants - Appellees.

No. 16-3272
(D.C. No. 6:15-CV-01286-EFM)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **HOLMES**, and **PHILLIPS**, Circuit Judges.
_____

Rebecca Farris appeals from the district court's dismissal of her 42 U.S.C.

§ 1983 action against Jack Burton and Thomas Caleb Boone.  Exercising jurisdiction

pursuant to 28 U.S.C. § 1291, we affirm.

I.

Ms. Farris and Mr. Burton were married for fifteen years and then divorced.

Ms. Farris alleged in her complaint that the trial court's division of marital property

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

resulted in Mr. Burton receiving approximately $772,626 in assets and $5,000 in debt, and Ms. Farris receiving approximately $104,067 in assets and $115,000 in debt. Ms. Farris appealed the trial court's decision to the Kansas Court of Appeals (KCA), and Mr. Burton cross-appealed the decision. Mr. Boone is an attorney who represented Mr. Burton in the appellate proceedings. The KCA rejected the arguments raised on appeal and cross-appeal, and affirmed the trial court's decision. Ms. Farris petitioned for review of the KCA's decision, but the Kansas Supreme Court denied her petition.

Ms. Farris then filed her § 1983 complaint in federal court. She alleged that Mr. Burton and Mr. Boone "devised a scheme to fraudulently influence the [KCA]." Aplt. App. at 8. She sought damages arising from the alleged fraudulent scheme, which she asserted "resulted in the affirmation of a trial court's unlawful and grossly disparate division of property." *Id*. at 11. She further asserted that "[d]efendants' course of conduct, in concert with the appellate court's participation, was in violation of plaintiff's constitutional right[] to be protected from [the] loss of her property rights." *Id*. at 13.

Mr. Burton moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(1), arguing that the district court lacked subject matter jurisdiction. Alternatively, he sought dismissal under Fed. R. Civ. P. 12(b)(6), arguing that the complaint failed to state a claim for relief. The district court granted Mr. Burton's motion to dismiss for lack of subject matter jurisdiction, agreeing that Ms. Farris's claims were barred by

2

the *Rooker-Feldman* doctrine.  The district court then sua sponte dismissed Ms. Farris's claims against Mr. Boone for the same reason.  Ms. Farris now appeals.

II.

We review de novo the district court's dismissal for lack of subject matter jurisdiction.  *Campbell v. City of Spencer*, 682 F.3d 1278, 1281 (10th Cir. 2012).  "Generally, the *Rooker-Feldman* doctrine precludes lower federal courts from effectively exercising appellate jurisdiction over claims actually decided by a state court and claims inextricably intertwined with a prior state-court judgment."  *PJ ex. rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010) (internal quotation marks omitted).  Stated another way, the *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Ms. Farris argues that *Rooker-Feldman* should not apply to bar her claims because she is not attacking the state trial court's judgment.  Her argument, however, is inconsistent with the substance of her complaint.  In her complaint, she alleged that "[a]s a direct consequence of [defendants'] fraudulent scheme, the [KCA] was corruptly influenced into affirming the *trial court's grossly disparate property division*."  Aplt. App. at 8 (emphasis added).  She repeated these allegations elsewhere in her complaint, stating: "[t]his is a civil action for damages . . . arising from a fraud perpetrated on the [KCA] which resulted in the affirmation of a trial

3

court's *unlawful and grossly disparate division of property*." *Id*. at 11 (emphasis added). She further asserted that she sought "to recover damages for deprivation of property directly caused by [the defendants'] fraud perpetrated on the appellate court." *Id*. at 8. Although she alleged that the fraud was committed in the appellate court proceedings, her attack on the appellate court's decision affirming the trial court's decision necessarily calls into question the trial court's judgment. And her deprivation of property can only stem from the appellate court's affirmance of the alleged "unlawful and grossly disparate" property division memorialized in the trial court's judgment.

Moreover, the allegations in her complaint would require the federal district court to review the state appellate court proceedings. In addition to the allegations noted above, she contended that "defendants misrepresented matters central to the appellate decision in affirming the trial court's judgment." *Id*. She further alleged that "the appellate court misquoted case law and utilized the wrong standard of review," *id*. at 10; "considered evidence that did not exist," *id.* at 11; and made "a wholly unsupported false finding," *id*. at 12. She asserted that defendants' fraud caused the KCA to alter the record on appeal and "misapply state law to defendant Burton's benefit," which resulted in the loss of her property rights. *Id*. at 13.

As we have explained, "the type of judicial action barred by *Rooker-Feldman* consists of a review of the proceedings already conducted by the [state] tribunal to determine whether it reached its result in accordance with law." *Jensen*, 603 F.3d at 1193 (alteration and internal quotation marks omitted). In order to evaluate

4

Ms. Farris's claims that defendants' fraud led the KCA to make factual and legal errors in affirming the trial court's decision, a federal court would have to review the appellate state court proceedings to determine if the decision to affirm the trial court's property division was reached as a result of fraud or from a proper assessment of the claims on appeal. Such a review implicates the *Rooker-Feldman* bar because Ms. Farris's claims "rest on . . . allegation[s] concerning the state-court proceedings or judgment." *Id.* (internal quotation marks omitted).

Ms. Farris next argues that her allegations of fraud on the court can override the *Rooker-Feldman* bar, relying primarily on the Supreme Court's decision in *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944). In that case, the Court affirmed the Third Circuit's ability to vacate *its own judgment* upon proof of fraud. *See id.* at 239, 249-50. The *Hazel-Atlas* decision relates solely to the issue of fraud committed in a federal court and that court's power to remedy it; the decision says nothing about the jurisdiction of a *federal* court to address fraud allegedly committed in a *state* court.

Ms. Farris also relies on a Seventh Circuit decision, *Nesses v. Shepard*, 68 F.3d 1003, 1005 (7th Cir. 1995), for the proposition that a claim that a party in a civil suit "so far succeeded in corrupting the state judicial process as to obtain a favorable judgment" can produce an independent federal claim that survives the *Rooker-Feldman* bar. But our court has not so held and we are not bound by decisions from other circuits. We agree with the district court's conclusion that "as long as the state-court judgment stands—collateral attacks based on a party

5

corrupting the state judicial process are properly brought only in state court." Aplt. App. at 94; *see also Collins v. CFAM Fin. Servs., LLC*, 668 F. App'x 333, 334 (10th Cir. 2016) ("If [plaintiff] wishes to raise his extrinsic fraud on the court claim, state court would be the place."); *West v. Evergreen Highlands Ass'n*, 213 F. App'x 670, 674 n.3 (10th Cir. 2007) ("This circuit has not held that *Rooker-Feldman* may be circumvented by a collateral attack of the sort suggested in the cases discussed above [, which relate to state court judgments procured through fraud, deception, accident or mistake]. There is good reason to balk at such a step. State rules of procedure provide various means to attack a wrongfully obtained judgment.").

Finally, Ms. Farris argues that the *Rooker-Feldman* doctrine should not apply to her claims against Mr. Boone because he was not a party in the state court proceedings. We have held that the *Rooker-Feldman* doctrine should not be applied *against* persons or entities that were not parties in the relevant state court action. *See Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1234-35 (10th Cir. 2006). But the *Rooker-Feldman* doctrine is not being applied against Mr. Boone, it is being applied against Ms. Farris, who was a party to the state court proceedings. We therefore reject this argument.

III.

For the foregoing reasons, we affirm the judgment of the district court.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

6