FILED
U.S. Bankruptcy Appellate
Panel of the Tenth Circuit

September 1, 2020

Blaine F. Bates

Clerk

NOT FOR PUBLICATION*

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# OF THE TENTH CIRCUIT

_____

| | |
|---|---|
| IN RE AKEEM ABDULLAH MAKEEN, <br><br> Debtor. <br> _____ <br><br> AKEEM ABDULLAH MAKEEN, <br><br> Appellant, <br><br> v. <br><br> WOODSTREAM FALLS <br> CONDOMINIUM ASSOCIATION, INC., <br><br> Appellee. | BAP No. CO-20-006 <br> BAP No. CO-20-026 <br><br><br><br> Bankr. No. 18-15794 <br> Adv. No. 19-01384 <br> Chapter 7 <br><br><br> OPINION |

_____

Appeal from the United States Bankruptcy Court
for the District of Colorado

_____

Submitted on the briefs.**

_____

Before **CORNISH**, **MICHAEL**, and **LOYD**, Bankruptcy Judges.

_____

---

* This unpublished opinion may be cited for its persuasive value, but is not precedential, except under the doctrines of law of the case, claim preclusion, and issue preclusion. 10th Cir. BAP L.R. 8026-6.

** The Appellant requested oral argument, but after examining the briefs and appellate records, the Court has determined unanimously that oral argument would not materially assist in the determination of these appeals because the facts and legal arguments are adequately presented in the briefs and record. *See* Fed. R. Bankr. P. 8019(b). The cases are therefore ordered submitted without oral argument.

**CORNISH**, Bankruptcy Judge.

_____

Appeals CO-20-006 and CO-20-026 are before this Court based on two separate orders of the United States Bankruptcy Court for the District of Colorado, one dismissing an adversary proceeding filed by the debtor and the other striking a motion and imposing sanctions against the debtor for violating the court's previous orders. The background and basis for both orders pertain to state court proceedings occurring prior to the bankruptcy petition. As both orders involve the same set of facts and procedural history, we consider them together on appeal.

In both cases, the pro se debtor Akeem Makeen (the "Debtor") requested that the Bankruptcy Court sustain his objection to a proof of claim based on a state court judgment for damages and attorneys' fees awarded to the homeowners' association that manages the condominium development where the Debtor owns several units. Prior to the Debtor's objection, the homeowners' association and the chapter 7 trustee in the Debtor's case reached a settlement on the amount of the allowed claim, which the Bankruptcy Court approved. The orders on appeal are just two of the numerous orders addressing the Debtor's repeated attempts to have the Bankruptcy Court reconsider the allowed claim amount.

## I. Factual and Procedural Background

### a. Prepetition Events & Source of Debt

In 2007, the Debtor and a related entity, the Makeen Family Trust, purchased six units in Woodstream Falls, a condominium community of approximately 470 units

located in Denver, Colorado. Woodstream Falls Condominium Association, Inc. ("Woodstream") managed Woodstream Falls' homeowners' association. The Debtor took issue with Woodstream's management and in 2009, brought a lawsuit against Woodstream, the members of Woodstream's board of directors, and other individuals in the Denver County District Court (the "State Court"). The Debtor alleged breaches of the duty of loyalty and fiduciary duties, breach of contract, civil rights violations, intentional and negligent misrepresentation and mismanagement of the homeowner's association (case 2009 CV 9497). The State Court dismissed the lawsuit and entered a judgment against the Debtor for attorneys' fees of $15,883.50 on December 8, 2010. On December 7, 2010, the parties to 2009 CV 9497 entered into a settlement agreement, which provided Woodstream would not enforce the judgment for attorneys' fees and Woodstream would perform certain repairs to Woodstream Falls facilities. The agreement also provided that should the Debtor file any additional lawsuits against Woodstream in the next three years and Woodstream prevailed or was awarded attorneys' fees, it could enforce the prior award of $15,883.50 for attorneys' fees as well. The agreement contemplated additional litigation to be filed by the Debtor against Woodstream and its board, exempting the putative lawsuit from the attorneys' fees provision.

The Debtor and the Makeen Family Trust subsequently filed a second lawsuit against Woodstream in the State Court, asserting claims for breach of contract based on the board's failure to appoint the Debtor to a vacancy on the board (case 2010 CV 7697). The State Court dismissed case 2010 CV 7697 on a motion for summary judgment and

awarded Woodstream $65,647.78 in attorneys' fees and costs on January 3, 2012. The Debtor appealed the dismissal to the Colorado Court of Appeals, which affirmed. The State Court awarded Woodstream $18,082.15 in attorneys' fees and costs related to the appeal. Woodstream attempted to collect on the attorneys' fee judgments by garnishing rents from the tenants living in the Debtor's six Woodstream Falls condominiums. Faced with the collection attempts, the Debtor quitclaimed his interests in all six condominiums to a third party, Chu Ho Son, for little or no value. Mr. Son also owned rental units in Woodstream Falls. The transfers caused some residents to remit rental payments to Mr. Son instead of complying with the order for garnishment.

The Debtor and the Makeen Family Trust filed a third lawsuit against Woodstream in 2011 (case 2011 CV 5447), alleging Woodstream breached confidentiality provisions of the parties' agreement to resolve case 2009 CV 9497. The State Court dismissed the 2011 lawsuit on Woodstream's motion for summary judgment in January 2013 and set a hearing to determine Woodstream's attorneys' fees and costs allowable under state statute. The Debtor appealed the dismissal of the lawsuit to the Colorado Court of Appeals.

Throughout this period, the Debtor and Mr. Son formed an alliance to take control of Woodstream's board of directors. As a result of Mr. Son's demands for an impartial board, Woodstream agreed to hold a special election to elect a new board in June 2013. The Debtor and Mr. Son joined forces with Barry McConnell, who also owned a condominium in Woodstream Falls, to establish a majority of seats on the board of

4

directors. The Woodstream Falls owners elected Mr. Son and Mr. McConnell to seats on the board of directors. The Debtor also ran for a seat on the board but lost.

The Debtor informed Mr. Son that he held claims against Woodstream that would result in several million dollars in liability. The Debtor indicated he was willing to settle those claims if Woodstream would cease enforcement of the judgments obtained against him for legal fees. This included the pending hearing to determine the amount of attorneys' fees in 2011 CV 5447. The Debtor proposed a settlement agreement, similar to the agreement entered into in the 2009 litigation, to resolve his claims against Woodstream and the outstanding judgments and claims for attorneys' fees against him (the "2013 Settlement Agreement"). Instead of allowing Woodstream to collect on any foregone attorneys' fees, the proposed agreement provided that if the Debtor and Woodstream had any disagreement within three years, the parties would mediate the disagreement. Failure to pursue mediation prior to filing litigation entitled either party to $25,000 in liquidated damages. With the help of Mr. Son, the Debtor presented the 2013 Settlement Agreement to Woodstream's new board of directors at its first meeting in June 2013. At this same meeting, the board of directors appointed the Debtor as secretary of Woodstream. Woodstream's board of directors voted in favor of executing the 2013 Settlement Agreement at the June 2013 meeting.

As a result of the 2013 Settlement Agreement, Woodstream filed a full satisfaction of judgment related to the attorney fee awards in the 2009 and 2010 litigation, and entered a stipulation of dismissal in the 2011 litigation. Woodstream also requested the hearing on attorneys' fees and costs in the 2011 litigation be vacated. The Debtor

5

arranged for Mr. Son to quitclaim his interests in the Debtor's six condominium units to a new entity called the Makeen Family Children's Trust for no value shortly thereafter.

As a beneficiary of the Makeen Family Children's Trust, the Debtor failed to pay homeowners' association dues on the six condominiums for July through November 2013. After sending several notices regarding the delinquencies, Woodstream filed a lawsuit against the Debtor and his entities in the State Court alleging damages of $17,050.65 for nonpayment of dues, penalties, and interest in February 2015, among other allegations (case 2015 CV 30561).

Woodstream's February 2015 complaint also raised causes of action for breach of contract, breach of fiduciary duty, and fraud. The Debtor answered the complaint, alleging affirmative defenses. The Debtor also raised several counterclaims against Woodstream in his answer, including claims for breach of contract, breach of fiduciary duty and breach of duty of loyalty, fraudulent misrepresentation, concealment, and/or nondisclosure, promissory estoppel, and intentional infliction of emotional distress.

In its *Findings of Fact, Conclusions of Law, and Final Judgment* (the "State Court Judgment"), the State Court determined the Debtor fraudulently transferred his interest in the six condominiums to Mr. Son to prevent Woodstream from collecting on its judgments for attorneys' fees.[1] Furthermore, the State Court found that the Debtor concealed material facts when presenting the 2013 Settlement Agreement to Woodsream's board, which resulted in the Debtor's breach of fiduciary duty by an officer

---

[1]     CO-20-006 Appellant's App. at 17.

6

of Woodstream and fraud through concealment and/or misrepresentation.[2] The State Court held the Debtor's fraud required rescission of the 2013 Settlement Agreement, restoring "the conditions existing before the 2013 [Settlement] Agreement was adopted."[3] However, the State Court concluded it could not reinstate the prior awards of attorneys' fees as Woodstream already filed a satisfaction of judgment in the 2009 and 2010 cases and had vacated a hearing on the award of fees in the 2011 case. The State Court entered three money judgments in favor of Woodstream: $9,012.46 for breach of contract; $23,493.77 for one count of breach of fiduciary duty; and $151,101.59 for a second count of breach of fiduciary duty. The State Court also awarded post-judgment interest and attorneys' fees and costs but did not determine the amount of the award. The State Court dismissed the Debtor's affirmative defenses and counterclaims.

Woodstream transcribed all the judgments in Denver County, securing judgment liens against the Debtor's six Woodstream Falls condominiums. The State Court entered an amended judgment on April 24, 2018, awarding Woodstream an additional $119,443.91 for a third count of breach of fiduciary duty. The total of all four judgments is $303,051.73 plus attorneys' fees and costs and post-judgment interest. The Debtor's appeals of the all State Court matters are now finally resolved.

---

[2]     The state court found the Debtor concealed Woodstream's claims for over $100,000 in attorneys' fees awarded in the 2010 litigation, the right to recover an additional $15,000 in attorneys' fees from the 2010 litigation, and a pending hearing in which Woodstream stood to be awarded $185,000 in attorneys' fees. State Court Judgment at 36, *in* CO-20-006 Appellant's App. at 52.

[3]     *Id.* at 42, *in* CO-20-006 Appellant's App. at 58.

### b. The Debtor's Bankruptcy Petition

The Debtor filed a chapter 11 petition on July 2, 2018. The Bankruptcy Court granted Woodstream relief from the automatic stay to allow it to liquidate the claim for attorneys' fees and to allow the Debtor to proceed with a state court appeal on August 16, 2018.[4] Although there is no judgment for the attorneys' fees in the appellate record, Woodstream estimates the fees and costs total $509,418.76. The Bankruptcy Court appointed David Wadsworth as chapter 11 trustee (the "Trustee") on October 15, 2018.[5] On November 29, 2018, the Bankruptcy Court converted the case to a chapter 7, with the Trustee also appointed to represent the chapter 7 estate.

Woodstream filed a proof of claim for $303,051.73 secured by judgment liens against the six condominiums.[6] Woodstream amended its proof of claim to an unsecured claim for $824,975.57.[7] This amount includes the $303,051.73 judgment, $496,737.93 for attorneys' fees, $12,689.83 for costs, and $12,496.08 for post-judgment interest.[8] Woodstream also filed an adversary proceeding to have its claim declared nondischargeable pursuant to 11 U.S.C. § 523(a)(4).[9]

Before conversion to chapter 7, the Debtor filed three objections to Woodstream's proof of claim. The Bankruptcy Court did not have an opportunity to rule on the claim objections pre-conversion. The Trustee did not file a formal objection to Woodstream's

---

[4]   Bankr. Case No. 18-15794, ECF No. 95.
[5]   Bankr. Case No. 18-15794, ECF No. 211.
[6]   CO-20-006 Appellant's App. at 150.
[7]   CO-20-006 Appellant's App. at 155.
[8]   CO-20-006 Appellant's App.at 158.
[9]   CO-20-006 Appellant's App. at 104.

claim; however, he asserted he could avoid the judgment liens, rendering Woodstream unsecured.[10] Woodstream disputed the Trustee's position on the liens but agreed to a settlement, providing Woodstream with an allowed general unsecured claim for $303,051.73 plus State Court awarded attorneys' fees and costs (the "Settlement"). The Bankruptcy Court approved the Settlement over the Debtor's objection on June 24, 2019.[11]

Despite the Bankruptcy Court's approval of the Settlement, the Debtor filed three additional objections to Woodstream's claim.[12] The Bankruptcy Court either denied or struck these objections to Woodstream's proof of claim from the record. The Debtor then sought a determination of the amount of Woodstream's attorneys' fees,[13] which the Bankruptcy Court struck on October 24, 2019.[14] The Debtor then objected to Woodstream's claim on November 20, 2019,[15] which the Bankruptcy Court struck on the basis that it previously granted Woodstream relief from the automatic stay to seek a determination of the attorneys' fee amount from the State Court.[16] In all, the Debtor filed

---

[10] The Trustee asserted on the date Woodstream filed its first three liens, the Debtor did not own real property as he transferred it to an affiliated entity, Makeen Investment Group. As such, the Trustee asserted the liens were avoidable. Woodstream filed the fourth lien in the 90-day preference period.

[11] *Order Approving Stipulation*, *in* CO-20-006 Appellant's App. at 139.

[12] *Supplemental [sic] to Debtor's Objection to WFCA Claim*, Bankr. ECF No. 392 (July 11, 2019); *Motion to Disallow Proof of Claim No. Amended 21*, Bankr. ECF No. 538 (Oct. 23, 2019); *Motion to Disallow Proof of Claim No. Amended 21*, Bankr. ECF No. 564 (Nov. 20, 2019).

[13] CO-20-006 Appellant's App. at 169.

[14] CO-20-006 Appellant's App. at 174.

[15] CO-20-006 Appellant's App. at 161.

[16] CO-20-006 Appellant's App. at 168.

at least six objections to Woodstream's proof of claim.[17] The order striking the Debtor's November 20, 2019 claim objection provided that the next time the Debtor objected to Woodstream's claim, the Bankruptcy Court would sanction him $1,000.

The Debtor ignored the Bankruptcy Court's warning and continued to renew his objections to Woodstream's claim. The Debtor filed an adversary proceeding against Woodstream on December 31, 2019, alleging causes of actions similar to those asserted in the State Court litigation. The Debtor also sought reconsideration of the Bankruptcy Court's denial of his November 20, 2019 objection to claim on January 2, 2020. As a result, the Bankruptcy Court assessed the Debtor a $1,000 penalty on January 29, 2020.[18]

### c. The Adversary Proceeding & Case CO-20-006

The Debtor filed a complaint against Woodstream in the Bankruptcy Court on December 31, 2019, and amended the complaint on January 22, 2020 (the "Complaint").[19] The Complaint raised three causes of action: (1) Breach of Contract (for alleging the Debtor held a fiduciary position on Woodstream's board when he served only as secretary); (2) Breach of Fiduciary Duty/ Breach of Statutory Duty (for its actions in approving the 2013 Settlement and Release Agreement relinquishing the right to collect on attorneys' fees incurred in prior State Court litigation) and (3) discrimination

---

[17]     *Order Striking Claim Objection*, *in* CO-20-006 Appellant's App. at 168 (noting Bankr. Case No. 18-15794 Docket Entry Nos. 228, 241, 246, 392, 538, & 564).
[18]     *Minute Order*, *in* CO-20-006 Appellant's App. at 176.
[19]     *First Amended Complaint and Claim Objection*, *in* CO-20-006 Appellant's App. at 88.

10

pursuant to 42 U.S.C. § 1981 (for conduct that amounted to discrimination based on race and disability).

The Bankruptcy Court entered its sua sponte *Order Striking Complaint and Dismissing Adversary Proceeding* on January 29, 2020 (the "Dismissal Order").[20] The Dismissal Order concluded the Debtor's causes of action were barred by issue preclusion and claim preclusion and involved prepetition claims belonging to the Trustee. Accordingly, the Bankruptcy Court struck the Complaint and dismissed the adversary proceeding.

The Debtor filed a motion to reconsider the Dismissal Order on February 3, 2020, and a notice of appeal of the Dismissal Order on February 4, 2020. Pursuant to Federal Rule of Bankruptcy Procedure 8002(b)(2),[21] the notice of appeal did not become effective until the Bankruptcy Court disposed of the motion to reconsider. The Bankruptcy Court denied the Debtor's motion to reconsider the Dismissal Order on March 3, 2020.[22] In its *Order Denying Motion for Reconsideration* (the "Reconsideration Order"), the Bankruptcy Court further elaborated on dismissal of the claims barred by claim preclusion, determined the *Rooker-Feldman* doctrine deprived it of jurisdiction to consider the claims, concluded the Complaint amounted to another objection to Woodstream's proof of claim, and determined cause did not exist to reconsider the claim

---

[20]    CO-20-006 Appellant's App. at 86.
[21]    All future references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure. All future references to "Civil Rule" are to the Federal Rules of Civil Procedure.
[22]    *Order Denying Motion to Reconsider*, *in* CO-20-006 Appellant's App. at 2.

11

pursuant to 11 U.S.C. § 502(j).[23] Upon entry of the Reconsideration Order, this Court set deadlines in the appeal of the Dismissal Order and the Reconsideration Order in case number CO-20-006.

### d. Denial of Motion to Bar Woodstream's Attorneys' Fees & Costs & Case CO-20-026

In the meantime, the Trustee began liquidating the Debtor's interests in his six condominiums to obtain funds for the estate and repay creditors. The Debtor objected to the sales of the condominiums and filed the *Debtor's Motion to Bar Woodstream Falls Condominium Association, Inc. Claim for Attorney Fees and Costs as Being Barred Pursuant to Claim and Issue Preclusion* on April 27, 2020. The Bankruptcy Court entered its *Order Striking Motion and Imposing Sanctions on Debtor* (the "Sanctions Order") on May 20, 2020.[24] In the Sanctions Order, the Bankruptcy Court struck the Debtor's request to determine Woodstream's state court attorneys' fees on the basis that the court previously granted Woodstream relief from the automatic stay to allow the State Court to determine the amount of attorneys' fees and costs.[25] The Bankruptcy Court also found the Debtor's request to be "meritless, frivolous and vexatious" and given "the repetitive nature of the Debtor's arguments" sanctioned him $500.[26] The Debtor filed a

---

[23]    All future references to "Code," "Section," and "§" are to the Bankruptcy Code, Title 11 of the United States Code, unless otherwise indicated.
[24]    CO-20-026 Appellant's App. at 80.
[25]    However, the Bankruptcy Court noted it would estimate the attorneys' fee portion of Woodstream's claim for purposes of 11 U.S.C. § 502(c) to avoid further delay.
[26]    Sanctions Order at 2, *in* CO-20-026 Appellant's App. at 81.

timely notice of appeal of the Sanctions Order, which is the subject of case number CO-20-026.

## II.  Jurisdiction & Standard of Review

"With the consent of the parties, this Court has jurisdiction to hear timely-filed appeals from 'final judgments, orders, and decrees' of bankruptcy courts within the Tenth Circuit."[27] Neither party elected to have this appeal heard by the United States District Court for the District of Colorado; thus, the parties have consented to our review.

This Court has jurisdiction over the appeals of final judgments, orders, and decrees.[28] "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."[29] An order resolving all claims asserted in an adversary proceeding is a final order for purposes of 28 U.S.C. § 158(a).[30] Likewise, a "bankruptcy court's order imposing sanctions is a final order

---

[27]  *Straight v. Wyo. Dep't of Trans. (In re Straight)*, 248 B.R. 403, 409 (10th Cir. BAP 2000) (first quoting 28 U.S.C. § 158(a)(1), and then citing 28 U.S.C. § 158(b)(1), (c)(1) and Fed. R. Bankr. P. 8002).

[28]  28 U.S.C. § 158(a)(1).

[29]  *Catlin v. United States*, 324 U.S. 229, 233 (1945) (citing *St. Louis I.M. & S.R.R. v. S. Express Co.*, 108 U.S. 24, 28 (1883)).

[30]  *Adelman v. Fourth Nat'l Bank & Tr. Co, N.A., of Tulsa (In re Durability, Inc.)*, 893 F.2d 264, 266 (10th Cir. 1990) ("the appropriate 'judicial unit' for application of [finality] requirements in bankruptcy is not the overall case, but rather the particular adversary proceeding" (citing multiple cases)).

subject to appeal under 28 U.S.C. § 158(a)(1)."[31] Accordingly, this Court has jurisdiction to review both the Dismissal Order and the Sanctions Order.[32]

On appeal, the Debtor asserts numerous issues with the Bankruptcy Court's dismissal of the Complaint. Generally, we review a bankruptcy court's dismissal of an adversary proceeding *de novo*.[33] "*De novo* review requires an independent determination of the issues, giving no special weight to the bankruptcy court's decision."[34]

A trial court's decision to strike a party's pleading and impose sanctions is reviewed for abuse of discretion.[35] A trial court "abuses its discretion when it (1) fails to exercise meaningful discretion . . . , (2) commits an error of law, such as applying an

---

[31]     *In re Armstrong*, 304 B.R. 432, 434-35 (10th Cir. BAP 2004) (citing *Mountain Am. Credit Union v. Skinner (In re Skinner)*, 917 F.2d 444, 446 (10th Cir. 1990) (per curiam)).

[32]     We note that while an order striking a pleading is traditionally not considered final, the Sanctions Order states, "the Debtor is prohibited from reasserting arguments for disallowance [of Woodstream's claim] that have already been finally determined by this Court or the state court." Sanctions Order at 1, *in* CO-20-026 Appellant's App. at 81. Therefore, we have appellate jurisdiction over the Sanctions Order. The Sanctions Order effectively denies the Debtor's challenge to Woodstream's claim, leaving the Bankruptcy Court nothing left to do but execute judgment. *See In re Geneva Steel Co.*, 260 B.R. 517, 520 (10th Cir. BAP 2001) (citing *In re Garner*, 246 B.R. 617, 619 (9th Cir. BAP 2000) ("An order on an objection to a claim is a final order for purposes of 28 U.S.C. § 158(a)(1).").

[33]     *See Gee v. Pacheco*, 627 F.3d 1187, 1183 (10th Cir. 2010) ("We review de novo the grant of a Rule 12(b)(6) motion to dismiss . . . ." (citing *Howard v. Waide*, 534 F.3d 1227, 1242-43 (10th Cir. 2008))).

[34]     *LTF Real Estate Co. v. Expert S. Tulsa, LLC (In re Expert S. Tulsa, LLC)*, 522 B.R. 634, 643 (10th Cir. BAP 2014) (citing *Salve Regina Coll. v. Russell*, 499 U.S. 225, 238 (1991)).

[35]     *Evans-Carmichael v. United States*, 343 F. App'x 294, 295-96 (10th Cir. 2009) (quoting *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989) (per curiam)) (striking pleading); *In re Nursery Land Dev., Inc.*, 91 F.3d 1414, 1415 (10th Cir. 1996) (citing *Findlay v. Banks (In re Cascade Energy & Metals Corp.)*, 87 F.3d 1146, 1149-50 (10th Cir. 1996)) (sanctioning party).

14

incorrect legal standard or misapplying the correct legal standard, or (3) relies on clearly erroneous factual findings."[36] Abuse of discretion occurs when a "decision is arbitrary, capricious or whimsical or results in a manifestly unreasonable judgment."[37]

### III. Discussion

#### a. Review of the Dismissal Order – Case CO-20-006

#### i. Dismissal

Although the Dismissal Order is brief, the Bankruptcy Court's legal conclusions provide a basis for this Court's review. The Bankruptcy Court concluded (1) the parties to the adversary proceeding were the same as those in the State Court litigation; (2) the State Court rescinded the 2013 Settlement Agreement in what is now a final judgment; (3) the Debtor asserted claims based on the 2013 Settlement Agreement and other claims finally resolved by the State Court; (4) the State Court Judgment has preclusive effect, barring the claims in the Complaint under the doctrines of issue preclusion and claim preclusion; and (5) to the extent any claims raised in the Complaint were not barred, as causes of action arising prepetition, only the Trustee, and not the Debtor, had standing to pursue the claims. After a thorough review of the State Court Judgment, we find no error in the Bankruptcy Court's dismissal of the Complaint.[38]

---

[36] *Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1256 (10th Cir. 2015).

[37] *Lang v. Lang (In re Lang)*, 305 B.R. 905, 908 (10th Cir. 2004) (quoting *Moothart v. Bell*, 21 F.3d 1499, 1504-05 (10th Cir. 1994)).

[38] The Court granted the Debtor's request that the Court take judicial notice of filings in Denver County District Court case number 15-CV-030561, which are included in the Appellant's Supplemental Appendix. *Order Granting Motion in Part*, CO-20-006 BAP ECF No. 31.

"The question of [issue and claim preclusion's] availability is subject to *de novo* review."[39] If issue and claim preclusion are "available, we review the decision to apply preclusive effect for abuse of discretion."[40] "[F]ederal common law governs the claim-preclusive effect of a [judgment] by a federal court sitting in diversity."[41] In such cases, "the federally prescribed rule of decision [is] the law that would be applied by state courts. "[42] Colorado courts provide:

> Issue preclusion bars relitigation of an issue if: (1) the issue sought to be precluded is identical to an issue actually determined in the prior proceeding; (2) the party against whom estoppel is asserted has been a party to or is in privity with a party to the prior proceeding; (3) there is a final judgment on the merits in the prior proceeding; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding. Only when each of these elements has been satisfied are the equitable purposes of the doctrine furthered by issue preclusion.[43]

A full and fair opportunity to litigate an issue requires a party "had the same incentive to vigorously defend itself in the previous action."[44]

Claim preclusion is similar to issue preclusion but the doctrine prevents "relitigation of matters that have already been decided as well as matters that could have

---

[39]    *Cherry v. Neuschafer (In re Neuschafer)*, 514 B.R. 719, 2014 WL 2611258, at *5 (10th Cir. BAP June 12, 2014) (unpublished) (citing *Eilrich v. Remas*, 839 F.2d 630, 632 (9th Cir. 1988)).

[40]    *Id.* (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331 (1979)).

[41]    *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001).

[42]    *Id.* (citing multiple Supreme Court cases for this proposition).

[43]    *Sunny Acres Villa, Inc. v. Cooper*, 25 P.3d 44, 47 (Colo. 2001) (internal citations omitted).

[44]    *Id.*

been raised in a prior proceeding but were not."[45] For claim preclusion to exist, there must be "(1) finality of the first judgment, (2) identity of subject matter, (3) identity of claims for relief, and (4) identity or privity between parties to the actions."[46]

As Colorado recognizes the doctrines of issue and claim preclusion, the Bankruptcy Court did not err in applying those doctrines in the adversary proceeding. The Complaint contains three specific causes of action which we read as:

(1) breach of contract, asserting the homeowners' association agreement and homeowners' association bylaws constituted a contract providing Woodstream could only have five board members and that Woodstream breached the contract (a) when its board members failed to clarify the Debtor never served on the board of directors during the trial of the 2015 case—meaning he held no fiduciary duty as a board member; and (b) filing the proof of claim asserting damages for breach of fiduciary duty;

(2) breach of fiduciary duty and breach of statutory duty, asserting Woodstream held a statutory duty to all condominium owners, which Woodstream breached when it entered into the 2013 Settlement Agreement and then failed to comply with the agreement's terms; and

(3) discrimination in violation of 42 U.S.C. § 1981 alleging Woodstream discriminated against the Debtor by intentionally interfering with his benefit under

---

[45] *Argus Real Estate, Inc. v. E-470 Pub. Highway Auth.*, 109 P.3d 604, 608 (Colo. 2005) (citing *Lobato v. Taylor*, 70 P.3d 1152, 1165 (Colo. 2003); *Cruz v. Benine*, 984 P.2d 1173, 1176 (Colo. 1999)).
[46] *Id.* (citing *Cruz v. Benine*, 984 P.2d at 1176.).

17

the 2013 Settlement Agreement and engaging in a pattern of harassment to deprive him of housing rights based on race, religion, and disability. The Debtor sought damages in the form of an injunction preventing further discrimination, compensatory damages for "humiliation, embarrassment and emotional distress," punitive damages for "willful, wanton and reckless conduct," and declarations that Woodstream breached its contract and discrimination against the Debtor in violation of 42 U.S.C. § 1981, among other prayers for relief.[47]

Comparing these causes of action with the State Court Judgment confirms that the Bankruptcy Court did not abuse its discretion in its decision to apply the doctrines of issue and claim preclusion. The litigation before the State Court addressed the same set of facts raised in the Complaint, involved the same two parties (including entities that were solely controlled by the Debtor), and resulted in a final judgment after a seven-day trial at which the Debtor had full and fair opportunity to present his arguments. To the extent the issues or claims raised in the Complaint are not identical to the issues or claims raised in the Debtor's State Court counterclaims, they involve the same set of facts and could have been properly raised before the State Court. Furthermore, the Debtor's prayer for relief in the Complaint and the prayer for relief in his answer and counterclaims in State Court both request injunctive relief, include declarations that Woodstream violated the Debtor's civil rights and breached multiple contracts, and seek compensatory damages.[48]

---

[47]    Complaint at 11-12, *in* CO-20-006 Appellant's App. at 98-99.
[48]    *Second Amended Counter Claims & Jury Demand* at 12, *in* CO-20-006 Appellant's Supp. App. at 118. This pleading asserts nine causes of action, including

The Debtor argues on appeal that the Complaint alleges breach of fiduciary duty and breach of contract based on the testimony of Woodstream's board members in the State Court trial instead of his original breach of fiduciary and breach of contract claims for issues related to the homeowners' association itself. In the testimony referenced, the members purportedly suggested the Debtor was a member of the board of directors and owed Woodstream a fiduciary duty. However, this testimony was before the State Court when it issued the State Court Judgment, which determined that the Debtor owed a fiduciary duty based on his appointment to the role of secretary to Woodstream's board, not because he was a member of the board.[49] The State Court cited Colorado Revised Statute § 7-128-401(1), defining the code of conduct for corporate directors and officers. This statute includes the position of secretary as an officer and holds the secretary to the same fiduciary duties as other directors and officers.[50] As the State Court did not rely on the board's testimony that the Debtor was a member of the board, there is no basis for the Debtor's argument on appeal.

The Debtor also argues he did not have a full and fair opportunity to defend against Woodstream's claims because the State Court only allowed one amendment to the

---

claims for breach of contract, breaches of the duty of loyalty and fiduciary duties, and intentional infliction of emotional distress.

[49] State Court Judgment at 37, *in* CO-20-006 Appellant's App. at 53 (finding the Debtor owed Woodstream a fiduciary responsibility pursuant to Colo. Rev. Stat. § 7-128-401(1), applying to both directors and *officers*, which includes the position of secretary pursuant to Colo. Rev. Stat. § 7-128-301(1)).

[50] *See* Colo. Rev. Stat. § 7-128-301(1) ("[A] nonprofit corporation shall have a president, a secretary, a treasurer, and such other officers as my be designated by the board of directors.")

parties' pleadings and that he did not have the opportunity to respond to Woodstream's first amended complaint because he had already filed his second amended complaint. It appears the Debtor is referring to the *Order Re: Plaintiff's Motion for Leave to File Second Amended Complaint.*[51] That order denied Woodstream's motion to file a second amendment to its complaint alleging seven new causes of action shortly before the trial was scheduled to proceed. The State Court noted allowing such amendment would prejudice the Debtor. The order neither prevented the Debtor from filing an answer to Woodstream's first amended complaint nor precluded the admission of evidence related to the new claims if relevant to the existing claims. The State Court conducted a seven-day trial where the Debtor had the opportunity to cross-examine witnesses and dispute Woodstream's evidence. Considering these details overlooked or misunderstood by the Debtor, it is abundantly clear the Bankruptcy Court did not abuse its discretion in applying the doctrines of issue and claim preclusion.

### ii. Striking the Complaint

Civil Rule 12(f), made applicable by Bankruptcy Rule 7012, provides a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[52] A court may strike a pleading "on its own."[53] The purpose of Civil Rule 12(f) "is to avoid the expenditure of time and money that must

---

[51]    CO-20-006 Appellant's Supp. App. at 143.
[52]    Fed. R. Civ. P. 12(f) made applicable by Fed. R. Bankr. P. 7012(b).
[53]    Fed. R. Civ. P. 12(f)(1).

20

arise from litigating spurious issues by dispensing with those issues prior to trial."[54] The record before this Court provides the Debtor objected to Woodstream's claim on at least three occasions prior to filing the Complaint. Each time, the Bankruptcy Court dismissed the Debtor's objection, even warning him he would be subject to a $1,000 fine for filing subsequent objections.

We agree with the Fifth Circuit Court of Appeals holding that striking a pleading is not an abuse of discretion when the pleading attempts to circumvent the trial court's multiple denials.[55] As such, striking a pleading is appropriate when "[b]ased on the record, [the] issues had been repeatedly decided by the court, and it properly refused to entertain the same issues again cloaked as newly raised claims."[56] As the Bankruptcy Court denied at least three other attempts to object to Woodstream's claim and warned the Debtor of possible sanctions, the court did not abuse its discretion in striking the Complaint.

### iii. Denial of the Debtor's Objection to Woodstream's Claim

Although not specifically addressed by the Bankruptcy Court, the Dismissal Order had the effect of denying the Debtor's objection to Woodstream's proof of claim. The Debtor appears to argue Woodstream's claim should be denied because the claim violated

---

[54] *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1991).

[55] *Cambridge Toxicology Grp. v. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007) (citing the trial court's statement that the pleadings constituted duplicative litigation rampantly occurring through the case).

[56] *Id.*

the 2013 Settlement Agreement and the State Court improperly awarded Woodstream a judgment against him. First, we note the Bankruptcy Court approved the Settlement between the Trustee and Woodstream providing Woodstream with an allowed unsecured claim. In approving the Settlement, the Bankruptcy Court overruled the Debtor's objection. The Debtor did not appeal that order and it is now final. Therefore, the Debtor has lost his right to contest the allowance of Woodstream's claim. Furthermore, we agree with the Bankruptcy Court that the Debtor's objection to Woodstream's claim is nothing more than an attempt to relitigate an issue he lost on in the State Court.[57] The State Court rescinded the 2013 Settlement Agreement and denied all of the Debtor's counterclaims. Accordingly, the Bankruptcy Court did not err in dismissing the Debtor's objection to Woodstream's claim when dismissing and striking the Complaint.

### b. Review of the Reconsideration Order – Case CO-20-006

In the Reconsideration Order, the Bankruptcy Court set forth a thorough analysis of its reasons for striking the Complaint and dismissing the adversary proceeding. The Bankruptcy Court analyzed dismissal under the doctrine of claim preclusion, the *Rooker Feldman* doctrine, and reconsideration of a claim allowance under 11 U.S.C. § 502(j).

---

[57] In his briefing to this Court the Debtor again argues the Denver District Court erroneously concluded he owed a fiduciary duty to Woodstream as its secretary. CO-20-006 Appellant's Br. 14.

22

The Bankruptcy Court ultimately denied the Debtor's motion pursuant to Bankruptcy Rule 9023 and Civil Rule 59(e).

We review the Bankruptcy Court's decision on a Bankruptcy Rule 9023 motion for an abuse of discretion.[58] Bankruptcy Rule 9023, applying Civil Rule 59, provides the bankruptcy court may grant a new trial "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court."[59] "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[60]

### i. Claim Preclusion

The Debtor's motion to reconsider the Dismissal Order is not in the appellate record. On appeal, the Debtor argues the Bankruptcy Court erred in applying claim preclusion to the Complaint's allegations of breach of contract. Considering claim preclusion, the Debtor does not challenge the Bankruptcy Court's holdings as to the first element (the existence of a final judgment) and the last element (privity of parties). Instead, the Debtor assigns error to the conclusion that the claims raised in the Complaint share identity with the claims disposed of in the State Court. As previously discussed, the Debtor argues his claim for breach of contract is based on Woodstream's directors'

---

[58]    *In re Nordin*, No. CO-12-041, 2013 WL 936370, at *3 (10th Cir. BAP Mar. 12, 2013) (unpublished) (citing *Phelps v. Hamilton*, 122 F.3d 1309, 1325 (10th Cir. 1997)).

[59]    Fed. R. Civ. P. 59(a)(1)(B).

[60]    *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (first citing Fed. R. App. P. 40(a)(2), and then citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

testimony suggesting the Debtor owed a fiduciary duty to Woodstream as a board member. However, because the State Court concluded the Debtor owed Woodstream a fiduciary duty based on his position as an officer pursuant to Colorado statute, this argument lacks merit.

The Debtor also argues he did not have a full and fair opportunity to litigate the issues in the Complaint before the State Court. It appears the Debtor again references the State Court's *Order Re: Plaintiff's Motion for Leave to File Second Amended Complaint*.[61] That order stated any amendment so close to trial would be prejudicial to the Debtor. Regardless, the Debtor was not precluded from answering Woodstream's first amended complaint and the State Court allowed the Debtor leave to file his second amended counterclaims.[62] Accordingly, the Bankruptcy Court did not abuse its discretion in denying the Debtor's request for reconsideration based on claim preclusion.

### ii. *Rooker Feldman* Doctrine

The Bankruptcy Court also concluded it lacked jurisdiction to consider the Complaint based on the *Rooker Feldman* doctrine, explaining the Debtor sought review of the State Court Judgment that was the basis of Woodstream's proof of claim. The Debtor argues on appeal the Bankruptcy Court erred by failing to recognize his new claims asserted in the Complaint. Considering the Debtor's purportedly new claims, the Bankruptcy Court found it would have to review the State Court's determination that the Debtor breached a fiduciary duty, which is barred by the *Rooker Feldman* doctrine.

---

[61] CO-20-006 Appellant's Supp. App. at 143.
[62] CO-20-006 Appellant's Supp. App. at 133.

24

The *Rooker-Feldman* "doctrine prohibits 'a federal action that tries to *modify or set aside* a state-court judgment because the state proceedings should not have led to that judgment.'"[63] "*Rooker-Feldman* can bar a federal-court claim [ ] only if 'an element of the claim is that [a prior state-court] judgment was wrongful.'"[64] The Complaint alleged Woodstream breached a contract with the Debtor when its directors testified the Debtor owed Woodstream a fiduciary duty. However, as the Bankruptcy Court pointed out, "[i]n order to evaluate the Debtor's claims, [it] would have to review the trial court proceedings and determine that the state court erred in deciding the breach of fiduciary duty claim."[65] We agree that "[t]his is the type of review barred by the *Rooker-Feldman* doctrine."[66] Accordingly, the Bankruptcy Court did not abuse its discretion in denying the Debtor's motion to reconsider based on the *Rooker Feldman* doctrine.

### iii. Reconsideration of Claim Objection Under § 502(j)

On appeal, the Debtor argues his repetitive objections to Woodstream's claim no longer focused on the State Court Judgment but challenged the allowance of attorneys' fees in addition to the judgment amount. Thus, the Debtor argues "he was only challenging the additional new claim of attorney fees and cost[s] that Woodstream . . .

---

[63]     *Bednar v. RCB Bank (In re Bednar)*, No. WO-19-001, 2019 WL 3928844, at \*7 (10th Cir. BAP Aug. 20, 2019) (unpublished) (quoting *Mayotte v. U.S. Bank Nat'l Ass'n, as Tr. for Structured Asset Inv. Loan Tr. Mortg. Pass-Through Certificates, Series 2006-4*, 880 F.3d 1169, 1174 (10th Cir. 2018)).

[64]     *Id.* (quoting *Mayotte*, 880 F.3d at 1175).

[65]     Reconsideration Order at 12, *in* CO-20-006 Appellant's App. at 13.

[66]     *Id.*, *in* 20-006 Appellant's App. at 13 (citing *Farris v. Burton*, 686 F. App'x 590, 592 (10th Cir. 2017)).

was not awarded by the State court."[67] Therefore, the Debtor argues the Bankruptcy Court erred in denying his claim objection without considering the objection when the court dismissed the Complaint.

Although the Debtor did not request reconsideration pursuant to § 502(j), the Bankruptcy Court applied that section, determining cause did not exist to reconsider the Dismissal Order. Section 502(j) provides "[a] claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case."[68] The Bankruptcy Court found the Debtor presented no grounds establishing cause to reconsider the allowance of Woodstream's claim or the approval of the stipulation agreement to allow the claim between Woodstream and the Trustee.

Review of the Debtor's arguments on appeal confirms the Bankruptcy Court did not abuse its discretion in denying the Debtor's motion to reconsider. The Debtor argues he did not challenge Woodstream's claim based on the State Court Judgment but instead objected to the allowance of attorneys' fees. However, the Bankruptcy Court's approval of the stipulation between Woodstream and the Trustee provided Woodstream was entitled to an "unsecured claim for $303,051.73, plus any amounts that the state court awards for fees and costs."[69] As the approval of the Settlement allowed the claim for attorneys' fees, the amount of which is to be decided, the Debtor does not raise any new

---

[67]    CO-20-006 Appellant's Br. 6.
[68]    11 U.S.C. § 502(j).
[69]    *Order Approving Stipulation* at 3, *in* 20-006 Appellant's App. at 141.

26

argument or point to any facts, positions, or law the Bankruptcy Court misunderstood or failed to consider.

### c. Review of the Sanctions Order – Case CO-20-026

The Bankruptcy Court entered the Sanctions Order after warning the Debtor that his continued attempts to challenge Woodstream's proof of claim would result in monetary sanctions. The Debtor's arguments on appeal boil down to allegations that the Bankruptcy Court treated him unfairly by refusing to allow him to object to Woodstream's claim for attorneys' fees. Particularly, the Debtor is frustrated that the chapter 7 bankruptcy case resulted in the sale of his assets with equity, including the six condominiums, for the repayment of creditors. We review the Bankruptcy Court's imposition of sanctions and order striking a pleading for abuse of discretion.[70]

The Bankruptcy Court issued sanctions of $500 pursuant to the equitable powers of the court set forth in § 105. Section 105 provides a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.[71] The Tenth Circuit Court of Appeals has held that § 105(a) codifies the bankruptcy court's broad equitable authority and "grants bankruptcy courts the power to 'sanction conduct abusive of the judicial process.'"[72] Section 105(a)'s

---

[70]    *Evans-Carmichael v. United States*, 343 F. App'x 294, 295-06 (10th Cir. 2009) (quoting *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989) (per curiam)) (striking pleading); *In re Nursery Land Dev., Inc.*, 91 F.3d 1414, 1415 (10th Cir. 1996) (citing *Findlay v. Banks (In re Cascade Energy & Metals Corp.)*, 87 F.3d 1146, 1149-50 (10th Cir. 1996)) (sanctioning party).
[71]    11 U.S.C. § 105(a).
[72]    *In re Scrivner*, 535 F.3d 1258, 1263 (10th Cir. 2008) (quoting *In re Courtesy Inns, Ltd.*, 40 F.3d 1084, 1089 (10th Cir. 1994) ("The power to maintain order and confine

27

equitable powers are limited only to the extent that the section "does not empower courts to create remedies and rights in derogation of the Bankruptcy Code and Rules."[73] In addition to § 105, the bankruptcy courts "also possess 'inherent power . . . to sanction abusive litigation practices.'"[74]

Upon reviewing the proceedings leading up to the appeals in these two cases, we agree that the Debtor's actions were sufficiently vexatious to justify the Bankruptcy Court's imposition of sanctions. Before filing the *Debtor's Motion to Bar Woodstream Falls Condominium Association, Inc. Claim for Attorney Fees and Costs as Being Barred Pursuant to Claim and Issue Preclusion*, the Debtor had objected or otherwise challenged Woodstream's allowed unsecured claim at least six times. In the Bankruptcy Court's November 20, 2019 order, the court warned the Debtor that "if he file[d] any further objections to Woodstream's proof of claim, the Court [would] order him to pay sanctions of $1,000."[75] The Debtor not only filed the Complaint in December 2019, but he also filed his motion to bar Woodstream's attorneys' fees in January 2020. The Bankruptcy Court sanctioned the Debtor $500. Considering the Debtor's blatant disregard for the Bankruptcy Court's prior orders, the imposition of the $500 sanction was an appropriate use of the Bankruptcy Court's discretion.

---

improper behavior in its own proceedings seems a necessary adjunct to any tribunal charged by law with the adjudication of disputes.")).

[73] *Id.* at 1265 (first citing *In re Alderete*, 412 F.3d 1200, 1207 (10th Cir. 2005), and then citing *United States v. Sutton*, 786 F.2d 1305, 1308 (5th Cir. 1986)).

[74] *Law v. Siegel*, 571 U.S. 415, 421 (2014) (quoting *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 375-76 (2007)).

[75] *Order Striking Claim Objection* at 1, *in* CO-20-006 Appellant's App. at 104.

The Debtor argues that the Bankruptcy Court is not impartial, has not issued an order on his objection to Woodstream's claim, and refuses to allow him to raise any challenge to Woodstream's claim. It appears the Debtor misunderstands the chapter 7 claims allowance process. The process is summarized as follows:

> After objection is made to a proof of claim, one of the tasks of the court is to determine the "amount" of the claim. In determining the amount of a claim, the court is guided by otherwise applicable state or federal law, whether the claim is liquidated or contingent or if any other issues exist which bear upon the amount of the claim. . . . If a claim is liquidated and properly existing under state law, the task of the court in determining the amount may be relatively straightforward. If a claim is unliquidated or contingent, the court may be required to estimate the claim under section 502(c); the court may also choose to liquidate the claim itself or choose to abstain and defer to another forum for liquidation of the claim.[76]

In the Debtor's case, the Bankruptcy Court approved the Settlement between Woodstream and the Trustee. The Settlement provided Woodstream with an allowed general unsecured claim of $303,051.73 plus State Court awarded attorneys' fees and costs. The Bankruptcy Court modified the automatic stay to allow Woodstream to liquidate the amount of attorneys' fees and costs by seeking an order from the State Court. Therefore, Woodstream's claim, as provided for in the Settlement, has been allowed. The Debtor did not appeal the approval of the Settlement and the time to do so has expired. It is a final order. The only outstanding aspect of the claims allowance process is the determination of the amount of the attorneys' fees. Because the Bankruptcy Court abstained from liquidating the amount of the attorneys' fees, the Debtor's repeated

---

[76] 4 Collier on Bankruptcy ¶ 502.03[1][a] (Richard Levin & Henry J. Sommer eds., 16th ed. 2020).

attempts to relitigate the objection to Woodstream's claim and other issues determined by the State Court were an abuse of judicial resources. Accordingly, the Bankruptcy Court did not abuse its discretion in sanctioning the Debtor or striking his redundant pleadings. As we determine the Bankruptcy Court did not abuse its discretion in striking the Debtor's pleadings, we find no basis to consider the Debtor's argument that Woodstream's claim for attorneys' fees and costs is barred by judicial estoppel and claim and issue preclusion.[77]

## IV. Conclusion

The Debtor and Woodstream have a long and contentious history in which the Debtor has gone to extreme lengths to avoid the payment of debts owed to the homeowners' association, from attempting a coup of Woodstream's board of directors to fraudulently transferring assets to avoid rental income garnishment. The Debtor's actions in this bankruptcy case are no exception. The Bankruptcy Court cannot and should not review final judgments pertaining to issues and claims already decided by the state courts for the purpose of reaching a different conclusion or adjudicating claims that could have been brought in prior litigation. Recognizing these principles, the Bankruptcy Court properly dismissed the Complaint, struck the Debtor's repetitive filings, and sanctioned the Debtor for his abusive filings. Finding no error, we AFFIRM both the Dismissal Order and the Sanctions Order.

---

[77] As set out in CO-20-006 Appellant's Br. 11-20.